IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY R. FROEMEL,

                    Plaintiff,

        v.                                                    OPINION and ORDER

JUDGE JOHN YACKEL and                                         23-cv-857-jdp
D.A. BRUCE POQUETTE,[1]

                    Defendants.

---

Plaintiff Jeffrey Froemel, appearing without counsel, is incarcerated at Waupun Correctional Institution. Froemel alleges that a state-court judge and district attorney violated his constitutional rights before and during a criminal trial. He has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Froemel's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss Froemel's complaint and give him a chance to file an amended complaint.

---

[1] I've amended the caption to reflect the proper spelling of defendant Yackel's name.

ALLEGATIONS OF FACT

In 2018, Froemel was convicted of repeated sexual assault of a child and child enticement. *See State v. Froemel*, Sawyer County Case No. 2016CF201. Judge John Yackel presided over those proceedings and Froemel was prosecuted by District Attorney Bruce Poquette. Froemel alleges that Judge Yackel issued a probable cause order based on unreliable evidence, that his trial was held "in secret," that he was prohibited from calling certain witnesses, and that Yackel held him on a $25,000 cash bond before trial at the Sawyer County Jail, which is "run down."

ANALYSIS

Froemel alleges that defendants violated his rights under the Fourth, Sixth, and Eighth Amendments to the United States Constitution. These claims fail for multiple reasons.

First, I can't enter a judgment in this civil-rights case for damages that implies the invalidity of Froemel's convictions or current sentences. Under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), to recover damages for a prisoner's "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." The correct place for Froemel to challenge his conviction or sentences is in the state-court system. Ultimately, he may file a petition for writ of habeas corpus in federal court, but only after he exhausts his state-court remedies.

Second, he names as defendants a judge and district attorney, both of whom are immune for their actions alleged in the complaint. *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005) (judges have absolute immunity from suits arising from their official decisions or actions); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (prosecutors enjoy absolute immunity from suit for alleged injuries that stem from their prosecutorial duties).

Third, Froemel contends that his Eighth Amendment rights were violated by his pretrial confinement at the county jail, but he doesn't explain how his rights were violated at the jail or who was responsible for those violations. Nor does he name jail staff as defendants. As I've already stated, he cannot sue Judge Yackel for holding him in the jail on bond.

I will give Froemel a short time to amend his complaint to explain the basis for his Eighth Amendment claims. In drafting his amended complaint, Froemel should state his allegations as if he were telling a story to someone who knows nothing about the events at the jail. In particular, he should explain which particular jail staff members violated his rights, how they violated his rights, and he should name those officials in the caption of his amended complaint.

If Froemel does not file an amended complaint by the deadline set below, I will dismiss this case for his failure to state a claim and the court will record a "strike" against him under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1.  Plaintiff Jeffrey Froemel's complaint, Dkt. 1, is DISMISSED.

3

2. Froemel may have until January 31, 2024, to submit a proposed amended complaint.

3. The clerk of court is directed to send Froemel a copy of the court's prisoner complaint form.

Entered January 10, 2024.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge